DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Derrice Smith appeals from the decision of the Lorain County Court of Common Pleas designating him a sexual predator under R.C. Chapter 2950. We affirm.
On March 5, 1997, the Lorain County Grand Jury indicted Smith on one count of rape, one count of possession of cocaine, and one count of possession of a counterfeit controlled substance. The rape victim was an eighteen-year-old woman who was the girlfriend of a friend of Smith. Shortly after the rape on December 5, 1996, Smith was detained by the Lorain Police Department. An inventory search of Smith's car produced cocaine and counterfeit crack cocaine. Smith pleaded not guilty and was released on bond.
The indictment against Smith was supplemented on June 24, 1997, charging Smith with one count of menacing by stalking, two counts of importuning, and two counts of attempting to corrupt another with drugs. Under the supplement to the indictment, Smith, while out on bail on the rape and possession charges, followed a fifteen-year-old girl to school on March 19 and 24, 1997, solicited the girl to engage in sex with him and offered her marijuana. Smith pleaded not guilty to the supplemental charges.
On August 7, 1997, Smith pleaded guilty to the charges in the March 5, 1997 indictment and the June 24, 1997 supplement. The trial court held a hearing for purposes of sentencing and to determine, pursuant to R.C. 2950.09(B), whether Smith should be designated a sexual predator. The State did not call any witnesses, but instead reviewed the evidence before the trial court. The State called the court's attention to Smith's prior convictions for sexual battery and gross sexual imposition, Smith's plea to the indictment in the instant case, and the fact that Smith committed the acts from the supplemental indictment while out on bail after being indicted for rape. After Smith responded, the trial court found Smith to be a sexual predator and sentenced him for the offenses to which he had pleaded guilty. Smith appeals, assigning three errors.
 I.
Smith's first assignment of error states:
 THE TRIAL COURT ERRED IN APPLYING AN UNCONSTITUTIONAL LAW TO THE DEFENDANT-APPELLANT AND FINDING HIM TO BE A SEXUAL PREDATOR.
Smith argues that the sexual predator statute, R.C. Chapter 2950, is unconstitutional as violative of the constitutional proscriptions against cruel and unusual punishment and retroactive or ex post facto laws. The Ohio Supreme Court has held that R.C. 2950.09(B)(1) does not violate the Retroactivity Clause of the Ohio Constitution or the Ex Post Facto Clause of the United States Constitution. State v. Cook (1998), 83 Ohio St.3d 404, paragraphs one and two of the syllabus. This court has previously held that Ohio's sexual predator law does not constitute cruel and unusual punishment. State v. Nuckols
(Aug. 26, 1998), Wayne App. No. 97CA0076, unreported, at 17. Accordingly, Smith's first assignment of error is overruled.
 II.
Smith's second assignment of error states:
 THE TRIAL COURT ERRED IN APPLYING AN UNCONSTITUTIONALLY VAGUE LAW TO THE DEFENDANT-APPELLANT AND FINDING HIM TO BE A SEXUAL PREDATOR.
Smith argues that R.C. Chapter 2950 is unconstitutionally vague. This court held to the contrary in State v. Jameson (Apr. 22, 1998), Lorain App. No. 97CA006704, unreported, at 11-12. Smith's second assignment of error is overruled.
 III.
Smith's third assignment of error states:
 THE TRIAL COURT ERRED IN FAILING TO TAKE THE MANIFEST WEIGHT OF THE EVIDENCE AS OFFERED BY THE STATE AND FOLLOW THE SEXUAL PREDATOR LAWS, AS CODIFIED, AND APPLY IT PROPERLY TO THE DEFENDANT-APPELLANT.
Smith argues that the trial court's decision to designate him a sexual predator is not supported by clear and convincing evidence. When determining whether an offender is to be adjudicated as a sexual offender, a trial court must hold a hearing pursuant to R.C. 2950.09(B). "At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." R.C. 2950.09(B)(1). In making this determination, the trial court must consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
In order for a trial court to adjudicate an offender as a sexual predator, the court must consider the factors outlined above and the testimony and evidence presented, and determine whether there is clear and convincing evidence that the offender is a sexual predator. R.C. 2950.09(B)(3). The standard of clear and convincing evidence is met if the evidence produces a firm belief or conviction as to the matter to be established in the mind of the trier of fact. State v. Rexroad (Apr. 1, 1998), Summit App. No. 18539, unreported, at 3. In reviewing the trial court's decision, we must examine the record to determine whether sufficient evidence exists to meet the clear and convincing standard. Cross v. Ledford (1954), 161 Ohio St. 469, 477.
The record shows the following: At the time of the offenses underlying the present appeal, Smith was twenty-one years of age. At the time of the sexual predator hearing, Smith had been convicted of gross sexual imposition and sexual battery. The victim of the importuning and menacing charges was fifteen years old at the time; the rape victim was eighteen years old. While there was no evidence that Smith impaired his victims with drugs or alcohol, he did offer marijuana to the fifteen-year-old victim when he propositioned her. Smith apparently had begun to participate in a program for sexual offenders while serving his prison term on the sexual battery and gross sexual imposition convictions. Smith forced the victim of the rape charge to submit by means of force or threat of force. Perhaps the most revealing evidence is that Smith committed the menacing and importuning offenses while out on bail on the charge of rape. The record before us demonstrates that not even a pending rape charge could dissuade Smith from continuing to commit sexually oriented offenses involving a minor. The evidence before the trial court creates a firm conviction that Smith is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Smith's third assignment of error is overruled.
Smith's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. ________________________________ WILLIAM R. BAIRD, FOR THE COURT
SLABY, J.
CARR, J., CONCUR